# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH E. MURACH ) | |
| ) | |
| Plaintiff, ) | |
| ) | **C.A. No.: 1:18-cv-00418-RGA** |
| ) | |
| v ) | **JURY TRIAL DEMANDED** |
| ) | |
| BAYHEALTH MEDICAL CENTER, LLC ) | |
| ) | |
| CORRECT CARE SOLUTIONS, LLC ) | |
| ) | |
| CONNECTIONS COMMUNITY ) | |
| SUPPORT PROGRAMS, INC., ) | |
| ) | |
| DAVID PIERCE; PHIL PARKER ) | |
| JAMES SCARBOROUGH ) | |
| ) | |
| Defendants. ) | |

## SECOND MOTION TO EXTEND TIME FOR AFFIDAVIT OF MERIT PURSUANT TO 18 DEL. CODE §6853(A)(2)

**COMES NOW**, Plaintiff Joseph E. Murach, by and through his attorney Ronald G. Poliquin, Esq., moves pursuant to 18 Del. Code §6853(a)(2) that a sixty (60) day extension for the time for the filing of an Affidavit of Merit be granted for good cause shown. In support of the Motion, Plaintiff offers the following:

1. Plaintiff Joseph E. Murach was incarcerated from June 14, 2011 through May 16, 2017.

2. Almost all of the events described in the complaint took place during the time of Plaintiff's incarceration, which made it extremely difficult for Plaintiff to obtain counsel during that time.

3. In addition, as a result of defendants' actions, Plaintiff was unaware of his diagnosis of colon cancer until April 20, 2017.

4. Plaintiff Joseph Murach was released from incarceration by Court Order in May 16, 2017.

5. Plaintiff initially engaged attorney Patrick C. Gallagher, Esquire to represent them in this case on or around June or July 2017.

6. On October 9, 2017, Plaintiff's prior counsel withdrew from the case.

7. Murach obtained undersigned counsel on or around November 17, 2017.

8. At that time, Plaintiff was required to conduct research, request necessary medical records, and investigate Plaintiff's claims prior to drafting and filing a complaint.

9. For example, Plaintiff's medical records were approximately 2903 pages in length.

10. In addition, Plaintiff's counsel did not want to delay filing the complaint because many of the actions leading to the claims dated beyond the 2 year statute of limitations.

11.     For instance, Plaintiff's last colonoscopy was on October 22, 2013. Plaintiff was supposed to receive a colonoscopy once a year.

12.     The time of my first consultation with plaintiff Murach was inadequate to obtain all medical records, retain an expert physician, and have the records reviewed and obtain the required Affidavit of Merit.

13.     Plaintiff's counsel has currently retained almost all of the necessary medical records to provide an expert physician to sign an Affidavit of Merit.

14.     Plaintiff has retained a medical expert in this case who preparing an Affidavit of Merit.

**BROWN SHIELS & BEAUREGARD, LLC**

/s/ Ronald G. Poliquin, Esquire
Ronald G. Poliquin, Esquire
148 South Bradford Street
Dover, DE 19904
(302) 734-4706
Bar ID No.: 4447
*Attorney for Plaintiff Joseph E. Murach*

Date: March 23, 2018