IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH E. MURACH,

           Plaintiff;

    v.

BAYHEALTH MEDICAL CENTER, LLC,
CORRECT CARE SOLUTION, LLC,
CONNECTIONS COMMUNITY SUPPORT
PROGRAMS, INC., DAVID PIERCE, PHIL
PARKER and JAMES SCARBOROUGH,

           Defendants.

Civil Action No. 18-418-RGA

## MEMORANDUM OPINION

Ronald G. Poliquin, THE POLIQUIN FIRM, LLC, Dover, DE, attorney for Plaintiff.

Daniel A. Griffith & Scott G. Wilcox, WHITEFORD TAYLOR PRESTON, LLC, Wilmington, DE, attorneys for Defendant Correct Care Solution.

November **14**, 2018

_Andrew G. Andrew_

ANDREWS, U.S. DISTRICT JUDGE:

Currently pending before the Court are Defendant Correct Care Solution's Motion to Dismiss (D.I. 11) and Plaintiff Joseph E. Murach's Motion for Leave to File a Second Amended Complaint. (D.I. 30). The parties have briefed the issues. (D.I. 11; D.I. 26; D.I. 32; D.I. 30; D.I. 39).[1] For the following reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Leave to File a Second Amended Complaint.

## I. BACKGROUND

Plaintiff Joseph E. Murach filed this suit against Defendants Bayhealth Medical Center, Correct Care Solution, Connections Community Support Programs, David Pierce, Phil Parker, and James Scarborough on March 19, 2018. (D.I. 1). Plaintiff filed a First Amended Complaint on June 7, 2018. (D.I. 9). Plaintiff's First Amended Complaint claims Defendant Correct Care Solution violated 42 U.S.C. § 1983 (Count II) and committed medical malpractice (Count III). (*Id.* at 24-32). Defendant was the medical provider at the James T. Vaughn Correctional Center ("JTVCC") from 2012 until July 1, 2014. (*Id.* ¶ 6). Plaintiff was incarcerated from June 14, 2011 until his release on May 16, 2017, first at the Howard R. Young Correctional Center and then at JTVCC. (*Id.* ¶¶ 17, 121). Plaintiff was incarcerated at JTVCC during the period when Defendant was the medical provider. Plaintiff alleges that Defendant's failure to provide him with appropriate and timely medical treatment for his Crohn's disease and ulcerative colitis led to the development of Stage 4 colon cancer, which was first discovered on April 20, 2017.[2] (*Id.* ¶¶ 111-12, 119).

---

[1] Plaintiff did not file a reply to Defendant's brief opposing the motion to amend.
[2] Plaintiff was diagnosed with Stage 3 colon cancer on April 20, 2017. However, on May 16, 2017, it was discovered that Plaintiff's cancer had metastasized to his liver and his diagnosis was upgraded to Stage 4 colon cancer. (D.I. 9 ¶¶ 111-12).

Defendant has filed a Motion to Dismiss Plaintiff's claims against it. (D.I. 11).

Defendant alleges that (1) the statutes of limitations upon Plaintiff's claims have expired (*id.* ¶ 3), and (2) Plaintiff's § 1983 claim "fails to reference or even identify a single policy, practice or custom maintained by [Defendant] that caused the alleged constitutional harm." (*Id.* ¶ 9). Plaintiff disputes these arguments (D.I. 26), but has filed a Motion for Leave to File a Second Amended Complaint to rectify the alleged deficiencies of the § 1983 claim. (D.I. 30).

## II.    LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## III.   DISCUSSION

Defendant asserts that Plaintiff's claims (1) are time-barred by the applicable statutes of limitations and (2) fail to state a claim upon which relief can be granted. Plaintiff's claims against Defendant assert a constitutional claim under 42 U.S.C. § 1983 and an independent claim for medical malpractice and negligence. (D.I. 9).

### A. Statute of Limitations

Under Delaware law, the statute of limitations for medical malpractice and negligence is two years. Del. Code Ann. tit. 18 § 6856. Under § 6856, the statute of limitations for medical malpractice runs from "the date on which the allegedly negligent act or omission occurred, and not when the injury manifested itself." *Dambro v. Meyer*, 974 A.2d 121, 138 (Del. 2009). However, the statute of limitations for medical malpractice may be increased to three years from the date of injury where "the occurrence [of the personal injury] was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person" within the normal two year period. Del. Code Ann. tit. 18 § 6856. Constitutional violations are also subject to a two-year statute of limitations. *See Moody v. Kearney*, 380 F. Supp. 2d 393, 397 (D. Del. 2005) (applying Delaware's statute of limitations for personal injury claims to a § 1983 claim).

Plaintiff argues that the statute of limitations is equitably tolled under the doctrine of continuous negligent medical treatment. Under this doctrine, "the statute of limitations runs from the last act in a 'continuum of negligent medical care related to a *single condition* occasioned by negligence.'" *Benge v. Davis*, 553 A.2d 1180, 1183 (Del. 1989) (quoting *Ewing v. Beck*, 520 A.2d 653, 662 (Del. 1987)). As both parties note, "[a] complainant invoking the continuous negligent medical treatment doctrine has the burden of alleging with particularity a course of continuing negligent medical treatment during a finite period" and "the facts in the

3

record must establish that the treatment was inextricably related so as to constitute one continuing wrong." *Benge*, 553 A.2d at 1183 (citing *Ewing*, 520 A.2d at 662, 664). If a claim based upon continuous negligent medical treatment has been properly alleged, a court must then determine when the statutory period of limitations began to run. The Delaware Supreme Court in *Ewing* held:

> [I]f a plaintiff has a cause of action for continuous negligent medical treatment and that fact becomes known within two years of an act in the alleged negligent continuum, the statute of limitations begins to run for two years from the last act in the negligent continuum prior to the point in time when the plaintiff has actual knowledge of the negligent course of treatment or in the exercise of reasonable diligence could have discovered the negligent course of treatment.

*Ewing*, 520 A.2d at 663. This rule requires a court to engage in a two-part inquiry. First, a court must determine the date upon which the plaintiff had actual or constructive knowledge of the negligent course of treatment using the reasonably prudent person standard. *Benge*, 553 A.2d at 1184. Second, a court must determine the date of the last act in the negligent continuum immediately prior to that date by objective analysis. *Id.*

Here, the Court does not need to determine whether Plaintiff has sufficiently alleged a claim under the continuous negligent medical treatment doctrine. Even assuming Plaintiff sufficiently pled his malpractice claims under the continuous negligent medical treatment doctrine, the statute of limitations for Plaintiff's claims has run. Under this doctrine, the Court must first determine if the plaintiff had actual or constructive knowledge of the negligent course of treatment within two years of an act in the continuum. Here, it appears from the face of Plaintiff's Complaint that he had actual knowledge of the negligent course of treatment before July 1, 2014. Plaintiff was diagnosed with Crohn's Disease at thirteen. (D.I. 9 ¶ 16). Plaintiff's Complaint alleges that Defendant failed to provide Plaintiff with medication for his Crohn's

Disease/ulcerative colitis and a yearly colonoscopy. (D.I. 9 ¶¶ 26, 31, 37-43). Plaintiff's Complaint further alleges that Plaintiff and his family "continuously informed CCS medical staff that he required a yearly colonoscopy and the care of a gastroenterologist for specialized care." (D.I. 9 ¶ 39). During this period, Plaintiff experienced "fatigue, blood in his stool, loss of appetite, lack of energy, and nausea" as well as suffering from "jaundice, pressure in [his] gallbladder and pancreas, and swollen extremities," presumably from Defendant's failure to appropriately treat Plaintiff's Crohn's Disease. (D.I. 9 ¶¶ 32-33). Even taken in the light most favorable to the Plaintiff, these allegations indicate that that Plaintiff had actual knowledge before July 1, 2014 that the medical care he was receiving was negligent. As Plaintiff had actual knowledge of the negligent course of treatment before July 1, 2014, the date of the last act in the negligent continuum immediately prior to that date must also have occurred before July 1, 2014. Thus, under the continuous negligent medical treatment doctrine, the two-year statute of limitations began to run before July 1, 2014 and expired no later than July 1, 2016, well more than a year before Plaintiff filed his Complaint.

Moreover, if Plaintiff has not pled the continuous negligent medical treatment doctrine, it is clear that the statute of limitations on his claims has run. The last possible date that Defendant could have committed a negligent act was July 1, 2014. Both parties agree that Defendant was no longer Plaintiff's medical care provider at JTVCC after that date. The instant action was filed on March 19, 2018, almost four years later. (D.I. 1). Neither does the statute of limitations' three-year period for unknown and unknowable claims save Plaintiff's claim. Even assuming Plaintiff's injury was unknown and unknowable until after July 1, 2016, the three-year period would have begun to run on the date of the negligent act. Thus, the three-year period would have passed on or before July 1, 2017, eight months before Plaintiff's Complaint was filed.

5

Therefore, under the general rules relating to medical malpractice, Plaintiff has failed to timely file his claims against Defendant.

Plaintiff argues that the statute of limitations should be equitably tolled because Plaintiff was incarcerated and could not choose another medical provider.[3] However, the Delaware Courts have not embraced this rationale. Delaware Courts have held that while a plaintiff's status as an inmate "narrow[s] the options available to him if he felt he was receiving negligent medical care," the plaintiff is still able to file a lawsuit. *Flamer v. Redman*, 1988 WL 15322, at *2 (Del. Sup. Ct. Feb. 19, 1988). Therefore, there is no basis to equitably toll the statute of limitations. Thus, Plaintiff's claims against Defendant are time-barred.[4]

### B. Plaintiff's Motion to Amend

Plaintiff has moved to amend his complaint to correct the alleged deficiencies in his § 1983 claim. (D.I. 30). Specifically, Plaintiff seeks to amend his complaint to specifically allege that Defendant "through its procedures, customs and policies displayed continuous deliberate indifference to the serious medical needs of [Plaintiff]." (D.I. 30, Ex. 2 ¶ 150). The Third Circuit has a policy of liberally granting leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[3] The Court declines to determine whether continuing treatment by one medical provider will be imputed to the other in the context of inmate medical care. Plaintiff points to cases under New York's Continuing Treatment Doctrine, which has been rejected by Delaware state courts. *Ewing*, 520 A.2d at 660. The relevant question under Delaware law when the Plaintiff alleges a claim of continuous negligent medical treatment is when the Plaintiff knew or should have known the course of treatment was negligent. Even if the alleged injury (the cancer diagnosis) was unknown and unknowable until after July 1, 2016, the Plaintiff had knowledge of the negligent treatment before the end of Defendant's provision of care. As such, even if Plaintiff's medical malpractice claim sufficiently alleged the continuous negligent medical treatment doctrine and this treatment continued after Defendant Connections took over inmate medical care at JTVCC, the statute of limitations would still have begun to run on or before July 1, 2014 because Plaintiff had knowledge of the negligent treatment.

[4] As Plaintiff's claims, including those asserted under § 1983, are time-barred, the Court declines to determine whether Plaintiff's § 1983 claims were otherwise sufficient to withstand Defendant's motion to dismiss.

6

opposing party by virtue of allowance of amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment occurs when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Defendant has declared that amendment would be futile because the statute of limitations for Plaintiff's claims has expired. (D.I. 39 ¶ 8). Plaintiff did not request leave to amend to overcome the statute of limitations (D.I. 26 at 21; D.I. 30 ¶ 6) nor did Plaintiff respond to Defendant's contention that amendment would be futile.

The Court agrees that Plaintiff's proposed amendment would be futile. The statutes of limitations on Plaintiff's medical malpractice and § 1983 claims against Defendant have expired. Plaintiff's proposed amendment addresses solely the deficiency of the § 1983 claim. It does not cure the statute of limitations deficiency. Nor has Plaintiff suggested that this deficiency could be corrected by amendment of the Complaint. Amendment is thus futile as the Second Amended Complaint would still fail to state a claim upon which relief could be granted. Therefore, Plaintiff's Motion for Leave to File a Second Amended Complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss (D.I. 11) and DENY Plaintiff's Motion for Leave to File a Second Amended Complaint. (D.I. 30).

An accompanying order will be entered.